IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATI K. ATTENBOROUGH,

   Plaintiff,

     v.

DILLARD'S DEPARTMENT
STORE,

   Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-0291-TWT

ORDER

This is a *pro se* employment discrimination action. It is before the Court on the Defendant's Motion to Compel Arbitration or in the Alternative Motion to Dismiss [Doc. 10]. For the reasons set forth below, the Defendant's Motion to Compel Arbitration is GRANTED.

I. BACKGROUND

On July 20, 2001, the Plaintiff, Kati Attenborough, was hired as a salon associate by the Defendant, Dillards Department Stores. In the month prior to her initial hiring, Dillards implemented an employee arbitration program ("the Arbitration Agreement") for all of its associates. The Arbitration Agreement, which consisted of the Rules of Arbitration and an Acknowledgment of Receipt of Rules for Arbitration

("the Acknowledgment"), required the company and the associate to submit certain claims to arbitration rather than a court of law. (Def.'s Mot. to Compel Arb., Ex. A.) At the time of hiring, the Plaintiff signed this Acknowledgment. (Id., Ex. B.)

In November 2004, the Plaintiff was fired for allegedly providing salon services to a customer without charging. On December 26, 2005, she filed a Notice of Intent to Arbitrate her claim. (Id., Ex. C.) However, on January 24, 2006, she filed this lawsuit against her employer in this Court, alleging that during her employment she was discriminated against because of her age and disability. The Defendant has moved to compel the Plaintiff to arbitrate these claims or, in the alternative, to dismiss the lawsuit.

## II. DISCUSSION

In her response to the Motion to Dismiss, the Plaintiff claims that she has been treated unfairly by the Defendant's lawyers. She does not, however, challenge the validity or enforceability of the Arbitration Agreement. Generally, the validity of an arbitration agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which was enacted to reverse longstanding judicial hostility towards arbitration. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-27 (1985)). Under the FAA:

> A written provision in...a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Only agreements involving transportation employees are not subject to arbitration. 9 U.S.C. § 1. As the Plaintiff does not fall into this category, the FAA clearly applies to the parties' arbitration agreement. Morever, this Court holds the power to compel arbitration under the FAA. See 9 U.S.C. § 4.

Here, the Court finds that, under Georgia law, a valid contract to arbitrate existed between the parties. Prior to the implementation of its new policy, Dillards held meetings with all its employees, including the Plaintiff, for the specific purpose of explaining the Arbitration Agreement. (Anderson Decl., ¶¶ 7-8.) Following those meetings, the Plaintiff signed the Acknowledgment recognizing and consenting to the Arbitration Agreement. (Def.'s Mot. to Compel Arb., Ex. B.) This constituted a valid offer and acceptance of the agreement to arbitrate. See Caley, 428 F.3d at 1376 ("The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made..."); Moreno v. Strickland, 255 Ga. App. 850, 853 (2002) (same).

Moreover, the Arbitration Agreement demonstrated mutuality of obligation, as it required both the Plaintiff and the Defendant to submit all discrimination and

retaliation disputes related to the Plaintiff's employment to "final and binding arbitration." (Def.'s Mot. to Compel. Arb., Ex. B.) There was thus sufficient consideration to support the contract under Georgia law. See Caley, 428 F.3d at 1376 (stating that under Georgia law, "mutual promises and obligations are sufficient consideration to support a contract"); Sheridan v. Crown Capital Corp., 251 Ga. App. 314, 317 (2001) ("[W]here there is no other consideration for a contract, the mutual promises must be binding on both parties, for the reason that only a binding promise is sufficient consideration for a promise of the other party.").

It is further clear that the present action falls within the scope of claims covered by the Arbitration Agreement. Pursuant to the Rules of Arbitration, the parties are required "to resolve any covered dispute arising between them" in arbitration. (Def.'s Mot. to Compel Arb., Ex. A., at 1.) Included among the "Covered Disputes" was "[d]iscrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis..." (Id.)

Finally, there is no evidence to demonstrate that this contract was unconscionable. Georgia law recognizes two types of unconscionability. "Procedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves." NEC Techs., Inc. v. Nelson, 267 Ga. 390, 392 (1996); see also Caley, 428 F.3d at 1377. In determining

procedural unconscionability, Georgia courts look at the following factors: "age, education, intelligence, business acumen and experience of parties, their relative bargaining power, the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of meaningful choice." NEC Techs., Inc., 267 Ga. at 392.  The Plaintiff has not presented any evidence indicating that this contract was procedurally unconscionable.  Although the Plaintiff may not have held the same bargaining power as the Defendant, demonstrating mere inequality in bargaining power is insufficient to invalidate an arbitration agreement.  Caley, 428 F.3d at 1377 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32-33 (1991)).  Moreover, the Court finds that the contract language was clear and easy to comprehend.

Second, a contract is substantively unconscionable under Georgia law only where it is one "that no sane person not acting under a delusion would make and that no honest person would take advantage of."  Thomas v. T & T Straw, Inc., 254 Ga. App. 194, 196 (2002).  Here, the Plaintiff has not alleged that she was fraudulently induced into signing the contract or that she was delusional or insane at the time she signed it.  Id.  Thus, as the terms of the Arbitration Agreement were clearly stated and not oppressive, the Court finds no evidence of procedural or substantive unconscionability.  After a thorough examination, the Court can find no legitimate

grounds for invalidating this contract under Georgia law.  The Court therefore must compel the arbitration of this matter.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Compel Arbitration [Doc. 10] is GRANTED.  The Clerk is directed to close this case administratively.

SO ORDERED, this 9 day of June, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge